FILED

DEC 13 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30050 |
| Plaintiff - Appellee, | D.C. No. 9:10-cr-00020-DWM-1 |
| v. | |
| JASON ALLEN SANDS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted December 8, 2011[**]
Seattle, Washington

Before: GUY,[***] McKEOWN, and TALLMAN, Circuit Judges.

Defendant appeals from his conviction for attempting to persuade or entice a

person he believed was a minor to engage in criminal sexual activity in violation of

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]    The Honorable Ralph B. Guy, Jr., Senior Circuit Judge for the Sixth
Circuit, sitting by designation.

18 U.S.C. § 2422(b). Although defendant frames the issue on appeal as whether the denial of his motion for judgment of acquittal violated the Due Process Clause, the issue is more clearly defined as his contention that the government failed to prove the elements of the crime charged.

Contrary to defendant's assertions, sexual intercourse with a child is not required to establish guilt under § 2422(b), nor is the prosecution required to prove that an underage child was actually involved in the offense. United States v. Meek, 366 F.3d 705, 718-19 (9th Cir. 2004). It is irrelevant that Montana has a specific offense of attempting sexual intercourse without consent. Under § 2422(b) the crime of attempt involves an attempt to secure the consent of the minor to engage in the criminal act. United States v. Hofus, 598 F.3d 1171, 1179 (9th Cir.), cert. denied, 131 S. Ct. 364 (2010).

AFFIRMED.